IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:08CR297-1 |
| v. | : | |
| HENRY THOMAS CLARK | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, HENRY THOMAS CLARK, in his own person and through his attorney, Christopher Beechler, and state as follows:

1. The defendant, HENRY THOMAS CLARK, is presently under Indictment in case number 1:08CR297-1, which in Count One charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), possession with intent to distribute 11.6 grams (net weight) of a mixture and substance containing a detectable amount of cocaine base ("crack"); and which in Count Two charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), possession with intent to distribute 2.4 grams (net weight) of a mixture and substance containing a detectable amount of 3,4-methylenedioxymethamphetamine.

2. The defendant, HENRY THOMAS CLARK, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be

proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, HENRY THOMAS CLARK, understands that, as to Count One of the Indictment, any person who commits the offense for which he is pleading guilty to after a prior conviction for a felony drug offense has become final shall be sentenced to a term of imprisonment which may not be less than ten years and not more than life, and a fine not to exceed $4,000,000, or both. The defendant also understands that any sentence imposing a term of imprisonment shall impose a term of supervised release of at least eight years in addition to such term of imprisonment.

b. The defendant, HENRY THOMAS CLARK, also understands that, as to Count One of the Indictment, the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

c. The defendant, HENRY THOMAS CLARK, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first

calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, HENRY THOMAS CLARK, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, HENRY THOMAS CLARK, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, HENRY THOMAS CLARK, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, HENRY THOMAS CLARK.

This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

      b. It is further understood that if the Court determines at the time of sentencing that the defendant, HENRY THOMAS CLARK, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

      c. The defendant, HENRY THOMAS CLARK, agrees that the substance involved in the offense alleged in Count One of the Indictment herein is 5 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack").

6. It is further understood that the United States and the defendant, HENRY THOMAS CLARK, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, HENRY THOMAS CLARK, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made

4

at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 24 day of OCT, 2008.

| | |
|---|---|
| ANNA MILLS WAGONER<br>United States Attorney | /s/ Christopher Beechler<br>CHRISTOPHER BEECHLER<br>Attorney for Defendant |
| /s/ Terry M. Meinecke<br>TERRY M. MEINECKE<br>NCSB #27586<br>Assistant United States Attorney | /s/ Henry T. Clark<br>HENRY THOMAS CLARK<br>Defendant |

P. O. Box 1858
Greensboro, NC 27402

336/333-5351

LPK

5