IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HENRY THOMAS CLARK,            )
                               )
          Petitioner,          )
                               )      1:11CV948
     v.                        )      1:08CR297-1
                               )
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )

### ORDER

This matter is before this court for review of the Order and Recommendation ("Recommendation") filed on February 11, 2015, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 66.) In the Recommendation, the Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 43), as amended by his subsequent filings (Docs. 64, 65), be denied and that this action be dismissed. The Recommendation was served on the parties to this action on February 11, 2015. (Doc. 67.) Petitioner filed timely objections (Doc. 70) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. In addition to re-airing some of the arguments made in his filings in this case, some of Petitioner's objections raise new arguments. These arguments do not alter this court's decision to adopt the Magistrate Judge's Recommendation, and this court will provide additional analysis in support of that conclusion.

I. **CAREER OFFENDER ENHANCEMENT**

Petitioner objects to the Magistrate Judge's Recommendation as it relates to his sentencing under the career offender enhancement within the Sentencing Guidelines. In doing so, Petitioner makes several new arguments.

First, Petitioner argues that his counsel provided ineffective assistance of counsel by not objecting to the application of the career offender enhancement, partly because the enhancement requires "two (2) predicate crimes of violence or two (2) control [sic] substance offenses," and Petitioner only had one crime of violence and one controlled substance

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. In addition to re-airing some of the arguments made in his filings in this case, some of Petitioner's objections raise new arguments. These arguments do not alter this court's decision to adopt the Magistrate Judge's Recommendation, and this court will provide additional analysis in support of that conclusion.

I. **CAREER OFFENDER ENHANCEMENT**

Petitioner objects to the Magistrate Judge's Recommendation as it relates to his sentencing under the career offender enhancement within the Sentencing Guidelines. In doing so, Petitioner makes several new arguments.

First, Petitioner argues that his counsel provided ineffective assistance of counsel by not objecting to the application of the career offender enhancement, partly because the enhancement requires "two (2) predicate crimes of violence or two (2) control [sic] substance offenses," and Petitioner only had one crime of violence and one controlled substance

offense on his record at the time.  (Petitioner's Objections (Doc. 70) at 3.)  The Sentencing Guidelines provide that, to be subject to the career offender enhancement, a person must have "at least two prior felony convictions <u>of either</u> a crime of violence <u>or</u> a controlled substance offense."  U.S.S.G. § 4B1.1(a)(3) (emphasis added); <u>see also</u> U.S.S.G. § 4B1.2(c) (explaining that the "two prior felony convictions" in Section 4B1.1 could be "two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense").  Petitioner does not dispute that he had a "prior Federal drug conviction" along with a state conviction for "Second Degree Murder" at the time. (Petitioner's Objections (Doc. 70) at 3.)  This court finds that the career offender enhancement was properly applied because Petitioner had two prior felony convictions, with the "Federal drug conviction" being a "controlled substance offense"[1] and the

---

[1] As the Recommendation explains, (<u>see</u> Recommendation (Doc. 66) at 4), Petitioner's felony drug conviction (1:97CR263-1) was "final" and could be a "prior" conviction because this court looks to the "date that the guilt of the defendant has been established, whether by guilty plea [or] trial," to determine if a conviction is "final," and not when the defendant finishes serving any active sentence or period of supervised release based on that conviction.  <u>See</u> U.S.S.G. § 4B1.2(c).

second-degree murder conviction being a "crime of violence." See U.S.S.G. § 4B1.2(a)(1), (b).

Second, Petitioner argues that the career offender enhancement was improperly applied because his controlled substance conviction in state court, that Petitioner believes was used for the enhancement, was a "related case" to the federal offense in which Petitioner was being sentenced. (Petitioner's Objections (Doc. 70) at 3.) Thus, Petitioner claims his counsel provided ineffective assistance by not objecting to this "double counting." (Id.) As explained in the Recommendation, this claim "is based on confusion." (Recommendation (Doc. 66) at 5.) Although the government first gave notice that it planned to use Petitioner's state conviction as the predicate offense for 21 U.S.C. § 841(b)(1)(B) purposes (Doc. 7), the government subsequently amended its notice to use the prior federal conviction as the predicate offense (Doc. 10). This federal conviction also served as the basis for the career offender enhancement. (See Oct. 28, 2009 Hr'g Tr. (Doc. 36) at 11.) Thus, using the prior federal conviction in this way is not "double counting"; the guidance of United States v. Kenyon, 7 F.3d 783 (8th Cir. 1993), cited by Petitioner, is not persuasive; and counsel's failure to object to this issue did not render his assistance ineffective.

Ultimately, the Fourth Circuit found that this court "properly calculated [Petitioner's] guidelines range." United States v. Clark, 400 Fed. Appx. 722, 724 (4th Cir. 2010). As part of that finding, the Fourth Circuit implied that the career offender enhancement was properly applied, and this court must apply this finding of a higher court in this case. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). That precedent notwithstanding, this court has conducted its own review and found that the career offender enhancement was properly applied in this case. Therefore, these objections to this enhancement would have been futile, and Petitioner's counsel was not ineffective in choosing not to make these specific objections. Moreover, this court notes that Petitioner's counsel generally objected to the application of the career offender enhancement and asked that the enhancement not be applied. (See Oct. 28, 2009 Hr'g Tr. (Doc. 36) at 10-11.) Therefore, this court finds that the assistance provided by Petitioner's attorney was not ineffective on this issue.

## II. DUE PROCESS VIOLATION BASED ON DELAY

Petitioner claims that the delay in charging Petitioner allowed the government to gain a "tactical advantage" that resulted in substantial prejudice to Petitioner. (Petitioner's Objections (Doc. 70) at 4.) Petitioner raised this argument in

previous pleadings, (see Petitioner's Mot. for Leave to Amend (Doc. 64) at 4-5), and the Recommendation thoroughly addressed why this argument is not a basis for relief. (Recommendation (Doc. 66) at 6-7.) After conducting a de novo review, this court is in accord with the Magistrate Judge's Recommendation on this point.

III. **SELECTIVE PROSECUTION**

Petitioner objects to the Magistrate Judge's finding that the waiver of the "Petite Policy," an internal policy of the Department of Justice, does not serve as a basis for finding selective prosecution. (Petitioner's Objections (Doc. 70) at 5-6.) Petitioner asserts that his prosecution in federal court did not involve significant federal interests and was "not in the best interest of justice nor fair play." (Id. at 6.) Petitioner raised this argument in his Petition, (see Petitioner's Mem. of Points & Authorities in Supp. of his Title 28, U.S.C. § 2255 Mot. to Vacate, Set Aside, or Correct Sentence ("Petitioner's Mem.") (Doc. 44) at 4),[2] and the Recommendation thoroughly addressed why this argument is not a basis for relief. (Recommendation (Doc. 66) at 3-4.) After conducting a

---

[2] Petitioner incorporated his Memorandum by reference into his Petition. (See Petition (Doc. 43) at 4.)

de novo review, this court is in accord with the Magistrate Judge's Recommendation on this point.

However, Petitioner makes an additional argument concerning the Petite Policy, namely, that the waiver of the Petite Policy obtained by the government in this case was defective because it was signed by a Deputy Attorney General, rather than the Attorney General himself. (Petitioner's Objections (Doc. 70) at 4.) Unfortunately for Petitioner, the Petite Policy does not create individual rights that would serve as a basis for relief in his case. <u>United States v. Jackson</u>, 327 F.3d 273, 295 (4th Cir. 2003) ("That the Department of Justice has developed an internal protocol for exercising discretion and channeling prosecutorial resources does not provide license for courts to police compliance with that protocol, and it is well established that the <u>Petite</u> policy and other internal prosecutorial protocols do not vest defendants with any personal rights."). This means that any defects in the Petite Policy waiver do not provide any basis for this court to find that Petitioner's sentence is defective or that counsel's performance was ineffective in not objecting to the waiver.

**IV. <u>DOUBLE JEOPARDY</u>**

Petitioner objects to the Magistrate Judge's finding that his convictions in state court and federal court for "the same

conduct or course of conduct" did not constitute double jeopardy in violation of the Fifth Amendment of the United States Constitution. (Petitioner's Objections (Doc. 70) at 7.) Petitioner explains that "[t]he federal government used the exact same information, evidence and witness(s) that were used" against Petitioner in state court. (Id.) Petitioner raised this issue on appeal and the Fourth Circuit concluded "that the dual sovereignty exception to the double jeopardy bar applies in this case and that [Petitioner's] federal conviction is constitutionally sound." Clark, 400 Fed. Appx. at 724. Moreover, the Recommendation explained further that Petitioner's federal and state convictions for the same conduct is not a double jeopardy violation because North Carolina and the federal government are "separate sovereigns." (Recommendation (Doc. 66) at 3.) After conducting a de novo review, this court agrees with the Magistrate Judge's Recommendation on this point and finds it is consistent with the Fourth Circuit's finding on direct appeal.

Related to his double jeopardy argument, Petitioner explains that his counsel was deficient for not raising Section 5G1.3 of the Sentencing Guidelines, because "if raised and presented . . . [Petitioner's] sentence would have reflected the appropriate sentence and not the excessive one he received."

(Petitioner's Objections (Doc. 70) at 8-9.)  This court finds that this argument is meritless.  Petitioner is correct that Section 5G1.3 provides guidance on how a court should adjust a sentence based on an anticipated state term of imprisonment.  See U.S.S.G. § 5G1.3.  However, as already noted, the Fourth Circuit found that Petitioner's sentence was reasonable, see Clark, 400 Fed. Appx. at 724, and the correct application of Section 5G1.3 would be part of a reasonable sentence in this case.  Furthermore, the Fourth Circuit also noted that this court "granted a ten-month downward variance from the advisory guidelines range to credit [Petitioner] with the time served on his initial sentence in state court for the same conduct."  Id.  Therefore, this court's sentence appropriately considered the impact of Petitioner's state conviction in imposing a reasonable sentence, and as such, this court does not find Petitioner's counsel ineffective for not explicitly raising an objection based on Section 5G1.3.

## V.    **TRAFFIC STOP**

Petitioner challenges the license checkpoint at which he was stopped – and that inevitably led to his arrest for possessing with intent to distribute a controlled substance – was "not authorized by the state as required by North Carolina Statute."  (Petitioner's Objections (Doc. 70) at 10.)

Petitioner argues that all evidence against him should have been suppressed. (Id.)

Early in his case, Petitioner filed a motion to suppress the fruits of the traffic stop (Doc. 13), but that motion was later withdrawn by Petitioner when he chose to plead guilty, (see Minute Entry 10/24/2008). Petitioner makes only a conclusory allegation as to the propriety of the stop and makes no allegation that his attorney was somehow ineffective by allowing Petitioner to withdraw this motion to suppress. Therefore, this court finds that this argument does not give this court reason to reduce, set aside, or correct Petitioner's sentence.

**VI. PERIOD OF SUPERVISED RELEASE**

Petitioner objects that the Recommendation does not "mention the unlawful sentence of supervised release in this case." (Petitioner's Objections (Doc. 70) at 10.) Petitioner claims that the fifteen-year period of supervised release imposed in his case is "in excess of the statutory maximum allowed under any known statute for [Petitioner's] offense." (Id.)

This court's de novo review indicates that Petitioner's fifteen-year period of supervised release was not improper based on the statutes under which Petitioner was charged. The

Recommendation explains that Petitioner was charged with a "violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), with enhanced penalties in light of an Amended Information of Prior Conviction . . . filed pursuant to 21 U.S.C. § 851." (Recommendation (Doc. 66) at 1; see also Indictment (Doc. 3) at 1; Am. Information of Prior Conviction (Doc. 10).)  The penalties section under which Petitioner was charged, 21 U.S.C. § 841(b)(1)(B), provides that "any sentence imposed under this subparagraph shall, if there was [a prior conviction for a felony drug offense that has become final], include a term of supervised release of at least 8 years in addition to such term of imprisonment."  21 U.S.C. § 841(b)(1)(B) (emphasis added).  Moreover, Section 841(b)(1)(B) specifically provides that the normal maximums of supervised release imposed by 18 U.S.C. § 3583(b) are not applicable under this section.  See id. ("Notwithstanding section 3583 of Title 18 . . . .").  Petitioner had been previously convicted of a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (Am. Information of Prior Conviction (Doc. 10) at 1), and the Recommendation explained why that conviction is considered "final."  (Recommendation (Doc. 66) at 4.)

Therefore, it was not improper for this court to impose a term of supervised release of fifteen years.  Petitioner has not alleged that his counsel was deficient in any way based on this

argument, and this court has not found counsel was defective or that the term of supervised release serves as a basis to reduce, set aside, or correct Petitioner's sentence.

Because this court's de novo determination is in accord with the Magistrate Judge's Recommendation for the foregoing reasons, this court will adopt the Recommendation.

## VII. CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 66) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 43), as amended by Petitioner's pleadings (Docs. 64, 65), is **DENIED** and that this action is **DISMISSED** with prejudice.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 31st day of March, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge